UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEAN CECCONI, individually, | Case No. 3:19-cv-00599-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| BENEFICIAL SOLUTIONS, LLC and RUSSELL B. ALTMAN., | |
| Defendants. | |

**I. SUMMARY**

This action concerns personal injuries Plaintiff Dean Cecconi allegedly suffered as a result of taking purported dietary supplement NutraSilver®. Before the Court are Defendants Beneficial Solutions, LLC and Russel B. Altman's motion to dismiss ("MTD") (ECF No. 12) and Plaintiff's motion to certify (ECF No. 25). The Court will grant the MTD based on its ruling in *Azefor v. DePuy Orthopaedics, Inc.*, No. 2:15-cv-00192-MMD-GWF, ECF No. 32 (D. Nev. Mar. 3, 2016) and deny the motion to certify as moot.[1]

**II. BACKGROUND**

The following facts are taken from Plaintiff's complaint ("Complaint") (ECF No. 1), unless otherwise provided.

Plaintiff sustained serious injuries as a result of ingesting a colloidal silver preparation known as NutraSilver®. NutraSilver® is sold over the counter as a dietary supplement. It is designed, manufactured, labeled, marketed and distributed by Defendants. As a result of ingesting NutraSilver® Plaintiff has suffered permanent discoloration of his skin—a grey-bluish tint—and has been diagnosed with Argyria— linked to the ingestion of colloidal silver preparations. As a result of his condition, Plaintiff

---

[1] In addition to the two motions, the Court has considered the relevant responses (ECF Nos. 20, 23) and replies (ECF Nos. 22, 25).

1 also experiences daily emotional distress. He is embarrassed to be seen in public and his ability to do his job as an automobile salesman has also been negatively affected. Due to the nature of the silver neurotoxicity caused by NutraSilver®—and the lack of any known cure—Plaintiff is also at risk of neurological injuries associated with concentrations of colloidal silver preparations.

On September 27, 2019, Plaintiff filed his Complaint asserting a single claim for strict products liability based on theories of defective design, manufacturing and warnings. Plaintiff alleges that his injuries were caused by these defects. In response, Defendants moved to dismiss, arguing that Nevada's two-year statute of limitations under NRS § 11.190(4)(e) bars Plaintiff's claim (ECF No. 12).

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has

1 "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**IV.     DISCUSSION**

In response to the MTD, Plaintiff acknowledges that his claim is time-barred if the Court applies the two-year statute of limitations under NRS § 11.190(4)(e), but argues that the Court should apply the four-year default statute of limitations provided in NRS § 11.220. (*See generally* ECF No. 20.) Plaintiff alternatively moves for the Court to certify a question to the Nevada Supreme Court for that court to determine which of the two statutes should apply. (*Id.* at 6; ECF No. 21.) The Court finds no need for the latter, because it has fully grappled with the relevant considerations in *Azefor*, No. 2:15-cv-00192-MMD-GWF, ECF No. 32 at 3–6.

In *Azefor*, the Court noted that "Nevada law prescribes different commencement periods depending on the nature of the action involved." *Id.* at 3 (citing NRS § 11.190). Relevantly, "NRS § 11.190(4)(e) provides for a two-year statute of limitations on 'an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another.'" *Id.* at 3. On the other hand, "NRS § 11.220 establishes a four-year commencement period in an action for relief that is not otherwise addressed in other sections of the statute." *Id.* at 3–4. The Court concluded that a determination as to the controlling statute of limitations depended on '[t]he gravamen of [the] action'—looking to 'the real purpose complaint . . ..' *Id.* at 4 (quoting *Blotzke v. The Christmas Tree, Inc.*, 499 P.2d 647, 647 (Nev. 1972) and *Hartford Ins. Grp. v. Statewide Appliances, Inc.*, 484 P.2d 569, 571 (Nev. 1971)). The Court ultimately found that the essence of the *Azefor* plaintiff's complaint was a claim for physical injury and therefore NRS § 11.190(4)(e)

3

"unambiguously" applied. *Id.* at 6 ("NRS § 11.190(4)(e) unambiguously provides a two year statute of limitations for 'an action to recover damages for injuries to a person.' Because Plaintiff's claims are to recover damages for physical injury to himself, Plaintiff's claims are subject to this shorter two year limitations period."); *see also Coryell v. United States*, No. 2:18-cv-00593-GMN-NJK, 2019 WL 720972, at *3 (D. Nev. Feb. 20, 2019) (citations omitted) ("[C]ourts in the District of Nevada have closely analyzed this issue and found that the two-year statute of limitations applies to all personal injury actions, including strict liability actions.").

Here, there is no dispute that Plaintiff alleges a personal injury claim on the face of the Complaint. (*See* ECF No. 1 ("This is a personal injury action arising out of serious injuries sustained by Plaintiff.").) The Complaint also makes it clear that Plaintiff was aware of injury related to his ingestion of NutraSilver® no later than February 2016. (*Id.* at 4 ("From December 2015 to February . . . 2016, Plaintiff sought advice of medical professionals who diagnosed him with Argyria. This condition has been causally connected to the ingestion of colloidal silver preparations similar to NutraSilver®."); *see also* ECF No. 20 at 2 ("Plaintiff does not dispute that he was aware of the connection between his injuries and his ingestion of NutraSilver prior to September 27, 2017.").) Yet Plaintiff brought this case over three years later, in September 2019.

Further, Plaintiff provides no convincing reason for the Court to deviate from its conclusion in *Azefor* regarding the applicable limitations period. Plaintiff relies only on the unpublished Nevada Supreme Court decision in *Crabb v. Harmon Enters.*, No. 60634, 2014 WL 549834 (Nev. Feb. 10, 2014) and a products liability case in this district— *Fisher v. Prof'l Compounding Ctrs. of America, Inc.*, 311 F. Supp. 2d 1008, 1017 (D. Nev. 2004)—that applied the four-year statute of limitations. (*See id.* at 3–6.) The latter was decided several years before the *Azefor* decision. In any event, in *Azefor* this Court found the *Crabb* decision factually distinguishable—which is also true in this case—and the *Fisher* decision unpersuasive, *see* 2:15-cv-00192-MMD-GWF, ECF No. 32 at 5 & n.4. Therefore, the Court will not discuss them further here.

In sum, the Court concludes that Plaintiff's single claim is time-barred because the two-year statute of limitations under NRS § 11.190(4)(e) applies to this action. In light of this conclusion, Plaintiff's motion to certify is moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 12) is granted.

It is further ordered that Plaintiff's motion to certify (ECF No. 21) is denied as moot.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 2nd day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE